## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KARLA SUE PODLUCKY and | ) | |
| GREGORY JOSEPH PODLUCKY, | ) | |
| | ) | 2:23-cv-2144 |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM ORDER

Before the Court is Plaintiffs' motion for leave to proceed *in forma pauperis*. ECF 1. The Court finds that Plaintiffs have presented sufficient proof of indigency, and therefore grants Plaintiffs' motion. After careful consideration, however, the Court will sua sponte dismiss the attached complaint (ECF 1-1) for lack of subject matter jurisdiction, because the action falls within the exclusive jurisdiction of the Court of Federal Claims.

Under 28 U.S.C. § 1915(e)(2), the Court must screen an *in forma pauperis* complaint and dismiss the case if it is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Brown v. Sage*, 941 F.3d 655, 659 (3d Cir. 2019). Separately, the Court must also dismiss a complaint if it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Grp. Against Smog and Pollution, Inc. v. Shenango Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016). Plaintiffs bear the burden of establishing federal jurisdiction. *See Aldossari on Behalf of Aldossari v. Ripp*, 49 F.4th 236, 260 (3d Cir. 2022).

Because Plaintiffs are pro se, the Court liberally construes the complaint, and "appl[ies] the relevant legal principle even when the complaint has failed to name it." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (cleaned up). "Yet pro se litigants still

must allege sufficient facts in their complaints to support a claim[, a]nd they . . . must abide by the same rules that apply to all other litigants." *Id.* (cleaned up).

Plaintiffs label their claims as being brought under the Federal Tort Claims Act. ECF 1-1, p. 3; s*ee also id.* at p. 4 (invoking 28 U.S.C. § 1346(b)'s language, highlighting the "negligent and wrongful acts and omissions of agents and employees of the United States"). But the Court doesn't simply credit the label of the claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions") (cleaned up). Upon review of the actual allegations, it is clear Plaintiffs are actually asserting a breach-of-contract claim against the government. That is, Plaintiffs contend the government agreed to return nearly $5 million in jewelry seized during Plaintiffs' criminal investigations, a promise memorialized in Mr. Podlucky's June 2011 plea agreement. *See* ECF 1-1, pp. 6 ("CLAIM ONE: The DOJ failed to return the Plaintiffs' personal property pursuant to the Plea Agreement."), 11-12 ("The Personal Property is the subject-matter of [Mr.] Podlucky's plea agreement as agreed to by the United States."), 12 ("The United States failed to return the Personal Property by and through negligent and wrongful acts and omissions as promised and agreed to as documented in Paragraph B.5 of Gregory Joseph Podlucky's plea agreement.").[1]

This Court shares jurisdiction with the Court of Federal Claims over any "civil action or claim against the United States, not exceeding $10,000 in amount, founded . . . upon any express or implied contract with the United States[.]" 28 U.S.C. § 1346(a)(2). Yet "[o]riginal jurisdiction over such claims seeking more than $10,000

---

[1] Even if Plaintiffs' complaint could be construed to assert a tort claim, it would be barred by the FTCA's two-year statute of limitations. 28 U.S.C. § 2401(b). There is over a decade between the most generous accrual date of June 2011 (the date of the government's alleged promise to return the jewelry) and Plaintiffs' alleged presentment of the claim to the DOJ in October 2022. ECF 1-1, p. 5.

vests exclusively in the Claims Court." *Dia Nav. Co. v. Pomeroy*, 34 F.3d 1255, 1267 (3d Cir. 1994) (cleaned up); 28 U.S.C. § 1491. Plaintiffs allege, at a minimum, nearly $5 million in compensatory damages. ECF 1-1, p. 17. Jurisdiction in this Court is therefore lacking. *See Pomeroy*, 34 F.3d at 1267 (holding district court properly dismissed claim where plaintiff "alleged damages amounting to $127,580, far in excess of the maximum claim over which the district court could exercise its jurisdiction").[2]

\* \* \*

Accordingly, after careful consideration, it is hereby **ORDERED** that Plaintiffs' motion for leave to proceed *in forma pauperis* (ECF 1) is **GRANTED**, and the Clerk of Court is directed to file the Complaint on the docket. It is **FURTHER ORDERED** that Plaintiffs' complaint (ECF 1-1) is **DISMISSED** without prejudice to refiling in the proper venue. The Clerk of Court shall mark this case as **CLOSED**.

Dated: July 10, 2024

BY THE COURT:

/s/ J. Nicholas Ranjan
J. Nicholas Ranjan
United States District Judge

cc:
Karla Sue Podlucky
Gregory Joseph Podlucky
15 Gold Coin Court
Colorado Springs, CO 80919

---

[2] Plaintiffs also allege diversity jurisdiction. ECF 1-1, p. 3. But "the United States is not a citizen for diversity purposes and cannot be sued under section 1332." *Safeco Ins. Co. of Am. v. Nelson*, 468 F. Supp. 3d 1291, 1303 (S.D. Cal. 2020) (quoting *Com. Union Ins. Co. v. United States*, 999 F.2d 581, 584 (D.C. Cir. 1993) (cleaned up)); *see also Lewis v. City of Philadelphia Parking Violations*, No. 23-1649, 2023 WL 3362583, at *2 (E.D. Pa. May 9, 2023) (same).